[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: RESPONDENT FATHER'S MOTION TO DISMISS
On April 10, 1989, the Commissioner of the Department of Children and Youth Services (DCYS) filed a petition alleging Elizabeth I., whose date of birth is February 27, 1989, to be a neglected and uncared for child. On April 18, 1989 the respondent mother and father of the child appeared in this court with counsel at which time they admitted that the child was uncared for in that she was homeless. They further agreed to a commitment to DCYS for a period not to exceed 18 months. The court adjudicated the child uncared for and committed Elizabeth to the care and custody of DCYS in accordance with the agreement.
On November 6, 1989 DCYS filed a petition to terminate the parental rights of both respondents. Father now moves this court to dismiss the termination of parental rights petition on the ground that this court lacks jurisdiction because the petitioner failed to comply with the Indian Child Welfare Act of 1978, ("Act").
The Act reads in part: When any Indian child, . . . who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe," is involved in a "custody proceeding," which includes foster care placement, termination of parental rights, preadoptive placement, the Act controls the proceedings25 U.S.C. Sect. 1903(3), 1903(4) and 1911. CT Page 2812
The Act requires a petitioner in such cases to file notice of the petition with the Indian tribe or other specified agency or person.25 U.S.C. § 1912(a). It is undisputed that such notice was not given in this case.
The respondent, in an affidavit attached to his Motion to Dismiss, claims to be a member of the Ojibuay North American Tribe. He claims that on the basis of his membership in the Ojibuay Tribe Elizabeth also is eligible for membership. The petitioner has also submitted an affidavit attached to his brief in which it is alleged that the respondent is a member of the West Bay, Ontario Canada North American Indian Ojibuay Tribe. The respondent also testified before this court that he was born and raised in Canada.
The petitioner points out in her brief that the Act defines "Indian Tribe" as follows: "Indian tribe means any tribe, band, nation or other organized group or community of Indians recognized as eligible for the services provided to Indians by the Secretary because of their status as Indians . . ." 25 U.S.C. Sect. 1903(8).
Petitioner points out in Exhibits A and B appended to her brief that the Ojibuay tribe is not among the group of tribes listed by the Bureau of Indian Affairs as being eligible for services and that the Canadian tribes to not qualify under the Indian Child Welfare Act (I.C.W.A.). In addition, courts in two other jurisdictions have ruled that the provisions of the Indian Child Welfare Act do not apply to a Canadian Indian. In Re Wanomi P., 264 Cal.Rptr. 623 (1989) and In Re Stiarwalt, 190 Ill. App.3d 547,546 N.E.2d 44 (1989).
The Court's file concerning prior proceedings involving this child, of which the Court takes judicial notice, reflects the fact that the respondent did not raise the issue of the applicability of the I.C.W.A. in the original neglect/uncared for petitions wherein he was present and represented by counsel. Elizabeth was committed to the custody of DCYS with the approval and upon agreement of the respondent in April 1989. He is therefore estopped from raising that issue at this time with respect to the uncared for adjudication and commitment or the extension of that commitment.
Finally, the Court notes that contained within its file a copy of a certified birth notice from the Connecticut Department of Health Services for Elizabeth I. That certificate does not list a biological father. Indeed, there is no evidence before the Court from it can conclude that the respondent is the biological father of Elizabeth.
The court is not persuaded by the evidence that Elizabeth is an Indian child, or that she eligible for tribal membership. Furthermore, the Court finds that because father is a Canadian Indian the Act does not apply to him. Consequently, for the reasons stated, the motion to dismiss is denied. CT Page 2813
Dated at Montville this 5th day of October, 1990.
TERENCE A. SULLIVAN SUPERIOR COURT JUDGE